IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Charles Bottoms,

Plaintiff(s),

vs.

NANA Management Services,

Defendant(s).

CASE NO. 3AN-20-5722 CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: NANA Management Services

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac D Zorea, whose address is: PO Box 210434, Anchorage, AK 99521.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Walker Jr and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

3/3/2020
Date

By: _____
Deputy Clerk

I certify that on 3/3/20 a copy of this Summons was  ☐ mailed  ☒ given to
☐ plaintiff  ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order  ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk AL

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

EXHIBIT A, Page 1 of 8

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Charles Bottoms, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3AN-20-05722 CI |
| ) | |
| NANA Management Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW, Charles Bottoms, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Charles Bottoms, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, NANA Management Services (NMS), has maintained significant business connections within the Third Judicial District, State of Alaska. Defendant was an "employer" within the meaning of the Family Medical Leave Act.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

Complaint: *Charles Bottoms v. NMS.* — *1 of 6* —

## II. FACTS

2.1. At all times relevant to this lawsuit, plaintiff Charles Bottoms has been an "eligible employee" (within the meaning of the Family Medical Leave Act) of defendant, NANA Management Services.

2.2. On or about November 1, 2018, plaintiff, Charles Bottoms left his employment with NANA Management Services.

2.3. During the relevant times of plaintiff's employment, he worked as a Facility Supervisor and earned $39.45 an hour; and worked a full-time schedule. He was hired on September 22, 2006.

2.4. August 5th or 6th, 2018 plaintiff went on an approved Family Medical Leave Act (FMLA) leave, the same day he was put in the Employee Assistance Program. His anticipated return work date was the end of October, 2018. During his leave NMA forced him to contact his Health Advocate to get cleared by the Employee Assistance Program (EAP), and his supervisor Jason Broach called and said they were demoting/moving/firing Mr. Bottoms from his supervisor job and moving him to tarmac, to a lessor position to tarmac. Both of these actions violated the FMLA.

2.5. During his FMLA leave Mr. Bottoms was pestered and harassed by management Kurt Huesman who seemed not to know he was on FMLA leave, or not to care. Mr. Bottoms began to receive calls, and September 25, he spoke to Keith Hoy. It was after this call with Mr. Hoy that Jason Broach informed him in a call that he had been demoted and transferred.

2.6. On October 2, 2018, Keith texted him that he wanted to "bring him up in tarmac position." Mr. Bottoms had never told Mr. Hoy he wanted to go to the tarmac position during the September 25, 2018 call or before. He had found out he was transferred to tarmac by Mr. Broach who claimed to have been told by Mr. Hoy that Mr. Bottoms wanted to go there. Mr. Bottoms never said he wanted to go to tarmac.

2.7. Management sent an email called Return to Work Expectations on October 15, 2018 which seemed to be summarizing under bullet headings the situation to cover themselves for failing to follow FLMA rules. The email falsely claimed Mr. Bottoms, after being cleared by EAP, asked his supervisors to move him into a different position with reduced responsibilities. The first bullet referred to the September 25, 2018 conversation with Keith Hoy about his return to work. It falsely claimed Mr. Bottoms expressed the desire to work at TMC upon his return.

2.8. The email repeated this false claim stating that Matt Thaman called Mr. Bottoms and heard the same thing on September 28, 2018, one day after Mr. Bottoms was cleared to return to work by EAP on September 27. The email fails to mention that Mr. Bottoms was on FMLA leave and not coming back to work until the end of October.

2.9. The email said on October 2, 2018, Keith Hoy sent Mr. Bottoms a text about his return to TMC and claimed Mr. Bottoms said, "he was good with it." Mr. Bottoms had found out he was already transferred, and he asked Mr. Hoy in a text about receiving his same rate of pay but received no answer.

2.10. Mr. Bottoms felt surrounded by a hostile working environment and was worried that he was going to lose his job. On October 7, 2018, he was asked by management if he needed any accommodation upon returning to work. Mr. Bottoms declined accommodation and discussed returning to his original position, which he was always ready and willing to do. In the email management accused Mr. Bottoms of not informing management during October 7, 2018 call of "prior requests to work at TMC" which "were already in the works" on the October 7, 2018.

2.11. The email stated that on October 10, 2018 Mr. Bottoms "confirmed back that the Appliance Tech position was where you wanted to be. You specifically wanted out of a leadership role and mentioned there were several Appliance Tech openings." This was not true, Mr. Bottoms was being surrounded by hostile managers and was worried about losing his job, and he did not know the law.

2.12. Mr. Bottoms was afraid he was going to be fired, so on October 15, 2018, he signed for the position as Appliance Tech to start October 26. He worked that job three days and found out it was unworkable as he had been demoted and lost a third of his work pool, making his work impossible. He therefore voluntarily resigned from that position.

2.13. As the facts indicate Mr. Bottoms was fired from his supervisor role while on FMLA leave and demoted to Appliance Tech at BP/BOC to start October 26, 2018. Mr. Bottoms quit this position about three days later on/before November 1, 2018 believing he was constructively discharged by being placed in a position he was no longer qualified to perform.

## CAUSES OF ACTION

### A. VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA): 29 USC SEC. 2601 ET SEQ.

3.1. Charles Bottoms incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.13.

3.2. The FMLA provides employees with the right to be reinstated to the same or equivalent position after taking protected leave.

3.3. The Defendant violated the FMLA by refusing to reinstate plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon plaintiff's return to work and terminating plaintiff from his supervisory position at M Facility.

3.4. Defendant interfered with, restrained, and/or denied plaintiff's exercise of his rights under the FMLA by refusing his attempt to be reinstated to his full-time position or a reasonably equivalent full-time position.

3.5. Also, Defendant contacted Mr. Bottoms while he was on FMLA leave and forced him into contacting his Health Advocate and to get cleared by EAP to come back to work, rather than getting cleared by the standards set in the FMLA. This set Charles Bottoms off of his FMLA entitlements and was an adverse action taken by his employer while he was on FMLA leave.

3.6. Defendant knew or should have known that its silence regarding plaintiff's FMLA entitlements put Mr. Bottoms into a position where he had to accept a lower paying job as Appliance Technician.

3.7. The Defendant's choice to demote Mr. Bottoms and place him in a position he was no longer qualified to performed constituted constructive discharge.

3.8. As remedy for the Defendant's misconduct in terminating Mr. Bottoms while he was on FMLA, and installing him in a position he was not qualified to perform, he seeks all available remedies, including lost wages, lost future wages, lost job advancement opportunities, and emotional damages.

## PRAYER OF RELIEF

WHEREFORE, plaintiff, Charles Bottoms, requests judgment against defendant NANA Management Services, as follows:

1. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. Sec. 2617 (a)(1)(A)(I) and 29 U.S.C.A. Sec. 2617 (a)(1)(A)(ii

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. Sec. 2617 (a)(1)(A)(iii).

3. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. Sec. 2617 (a)(1)(B).

4. Attorney fees, expert witne4ss fees, and costs of this action, pursuant to 29 U.S.C.A. Sec. 2617 (a)(3), and other such relief as this court may deem just and proper.

Dated: March 31, 2020

Isaac D. Zorea
ABA No. 0011090
Counsel for Charles Bottoms

Isaac Zorea
Law Office of Isaac Zorea
PO Box 210434
Anchorage, AK 99521

**CERTIFIED MAIL**

7020 0090 0000 8747 5483

RETURN RECEIPT
REQUESTED

Cogency Global, Inc., Registered Agent
Nana Management Services
PO Box 33735
Juneau, AK 99803

9580 3937 35 8022

RETURN RECEIPT
REQUESTED

U.S. POSTAGE PAID
FCM LETTER
ANCHORAGE, AK
99530
AUG 03, 20
AMOUNT
$7.10
R2305K133276-50

8/5